FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 0 1 2010

JAMES W. McCORMACK, CLERK
By: _____ SLAW
DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | |
|---|---|
| ELIZABETH THORNHILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GAMACHE & MYERS, P.C., | ) |
| | ) |
| Defendant. | ) |

4 10cv1552 JMM

This case assigned to District Judge *Moody*
and to Magistrate Judge *Kerr*

## COMPLAINT

NOW COMES the Plaintiff, ELIZABETH THORNHILL, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, GAMACHE & MYERS, P.C., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   ELIZABETH THORNHILL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of North Little Rock, County of Pulaski, State of Arkansas.

5.   The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to LVNV Funding, LLC (hereinafter "LVNV").

1

6.    The debt that Plaintiff allegedly owed LVNV was incurred for the personal use of Plaintiff and/or for household expenditure.

7.    At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8.    GAMACHE & MYERS, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Arkansas.  Defendant is incorporated in the State of Missouri.

9.    The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

10.    Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

11.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

12.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

13.    At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    ALLEGATIONS

14.    On or about July 22, 2010, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to LVNV.

2

15.    The aforesaid correspondence was Defendant's initial communication with Plaintiff.

16.    The aforesaid correspondence stated that Plaintiff owed a debt in the amount of "$1,252.85 PLUS INTEREST." (*Emphasis Included*).

17.    The aforesaid correspondence failed to apprise Plaintiff of the amount of the interest that she allegedly owed relative to the debt on which Defendant was attempting to collect.

18.    The aforesaid correspondence failed to apprise Plaintiff how the interest she allegedly owed on said debt would be calculated.

19.    The aforesaid correspondence failed to apprise Plaintiff of the interest rate that would be applied to the debt that she allegedly owed.

20.    As such, the aforesaid correspondence failed to apprise Plaintiff of the actual amount of the debt on which Defendant was attempting to collect.

21.    Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt allegedly owed by Plaintiff.

22.     In its attempts to collect the debt allegedly owed by Plaintiff to LVNV, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a.   Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

b.   Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

c.   Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

      d.   Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

      e.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

23.    As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

24.    Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ELIZABETH THORNHILL, by and through her attorneys, respectfully prays for judgment as follows:

      a.    All actual compensatory damages suffered;

      b.    Statutory damages of $1,000.00;

      c.    Plaintiff's attorneys' fees and costs;

      d.    Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**ELIZABETH THORNHILL**

By:

David M. Marco
Attorney for Plaintiff

Dated: October 27, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:  (312) 222-9028 (x812)
Facsimile:  (888) 418-1277
E-Mail:    dmarco@smithlaw.us